```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF GEORGIA
                           ATHENS DIVISION
```

| | |
|---|---|
| SUNTERRA PRODUCE TRADERS, INC.,   * | |
|     Plaintiff,   * | |
| vs.   * | |
| TRINITY VEGETABLE COMPANY, LLC,   * JOSEPH HAYNES, and JOSEPH HAYNES II,   * | CASE NO. 3:23-CV-102 (CDL) |
|     Defendants.   * | |

## O R D E R

Presently pending before the Court is Plaintiff's motion for default judgment. As discussed below, the motion (ECF No. 10) is granted.

### DEFENDANTS' DEFAULT

Plaintiff brought this action against Trinity Vegetable Company, LLC, Joseph Haynes, and Joseph Haynes II. Plaintiff presented evidence that a deputy sheriff served the Summons and Complaint on (1) Joseph Haynes II, as an agent designated by law to accept service of process on behalf of Trinity Vegetable Company, LLC, (2) Joseph Haynes personally, and (3) Joseph Haynes II personally. Proof of Service, ECF Nos. 6, 7, 8.

Based on the present record, the Court is satisfied that Plaintiff adequately served all three Defendants. None of the Defendants answered or otherwise responded to the complaint, and

the Clerk granted Plaintiff's application for entry of default. Plaintiff then filed its motion for default judgment. Defendants did not move to set aside the default or respond to the motion for default judgment. The Court may enter a default judgment under Federal Rule of Civil Procedure 55(b) if Plaintiff's well-pleaded factual allegations state a claim for relief.

FACTUAL BACKGROUND

By their default, Defendants admitted the factual allegations in Plaintiff's complaint. *See, e.g., Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A 'defendant, by his default, admits the plaintiff's well-pleaded allegations of fact. . . .'") (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). These admitted allegations include:

- Plaintiff was in the business of selling and/or shipping perishable agricultural commodities.

- Trinity was in the business of buying and selling perishable agricultural commodities in wholesale and jobbing quantities, and the perishable agricultural commodities that are the subject of this action were sold in or in contemplation of the course of interstate or foreign commerce.

- Between June 19, 2023 and July 31, 2023, Plaintiff sold perishable agricultural commodities to Trinity Vegetable Company at Defendants' request and shipped the produce in accordance with Trinity's instructions. Trinity agreed to pay Plaintiff a principal sum of $136,024.00 for the produce.

- Plaintiff, which has performed all its obligations under the parties' agreements, sent Trinity invoices for the transactions totaling $136,024.00. Although Plaintiff has repeatedly

demanded that Trinity pay the amounts due and owing under the invoices, Trinity has failed and refused to pay the invoices.[1]

- Plaintiff sent the following written notice to Defendants with each invoice: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received." Compl. ¶ 22, ECF No. 1.

- The bargained-for terms of the contract between Plaintiff and Defendants state: "Interest shall accrue on any past-due account balance at the rate of 1.5& per month (18% per annum). In the event collection becomes necessary, Buyer agrees to pay all costs of collection, including attorney's fees." *Id.* ¶¶ 23-24.

- Each Defendant controlled the trust assets and is thus a statutory trustee under PACA; the individual Defendants were responsible for the daily management and control of Trinity and were in a position to control the PACA trust assets that are the subject of this action.

## DISCUSSION

Plaintiff brought this action to enforce its trust rights under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq*. PACA contains a statutory trust provision between produce buyers and sellers, which Congress passed to remedy the burden on commerce caused by "the unfavorable practice of produce buyers granting a security interest in their unpaid produce to lenders, leading to an increase in delinquent payments." *In re Forrest*, 47 F.4th 1229, 1242 (11th Cir. 2022); *accord* 7 U.S.C. §

---

[1] After Plaintiff filed this action, Trinity made a partial payment of $12,768.00, so the remaining principal balance due is $123,256.00. Monroe Aff. ¶ 4, ECF No. 10-5.

499e(c)(1).  Under PACA, the produce buyer holds the perishable agricultural commodities (and products and proceeds derived from them) "in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of sums owing in connection with such transactions has been received" by the seller. 7 U.S.C. § 499e(c)(2).  The trust arises in favor of the produce seller upon delivery of the produce, and the unpaid seller must give the buyer notice of intent to preserve the benefits of the trust.  If the PACA trustee fails to protect the trust assets, the trust beneficiary may bring an action to enforce payment from the trust.  7 U.S.C. § 499b(4); 7 U.S.C. § 499e(5).

The admitted facts recounted above establish all the elements necessary to trigger Defendants' liability under PACA, including the individual liability of the two individual Defendants, for $123,256.00 in principal, plus pre-judgment interest ($10,698.08), costs ($507.00), and attorney's fees ($7,489.00). Because all the essential evidence regarding damages is in the record, the Court need not hold a damages hearing under Federal Rule of Civil Procedure 55(b)(2).  *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015). Accordingly, the Court grants Plaintiff's motion for default judgment and finds that judgment shall be entered for Plaintiff and against Defendants, jointly and severally, for damages in the amount of $141,950.08, with post-judgment interest to accrue at the legal rate.

CONCLUSION

IT IS HEREBY ADJUDGED that Plaintiff SUNTERRA PRODUCE TRADERS, INC. is entitled to immediate entry of default judgment against Trinity Vegetable Company, LLC, Joseph Haynes, and Joseph Haynes II, jointly and severally, in the amount of $141,950.08 as follows, all of which qualifies for trust protection under the trust provisions of PACA:

(i) Principal in the amount of $123,256.00;

(ii) Pre-judgment interest in the amount of $10,698.08;

(iii) Attorney's fees of $7,489.80; and

(iv) Recoverable costs of $507.00;

Post-judgment interest shall accrue at the legal rate.

The Clerk shall serve this Order on each Defendant by mail:

1. Trinity Vegetable Company, LLC, c/o Joseph Haynes II, 1015 Coggins Drive, Elberton, GA 30636

2. Joseph Haynes, 1015 Coggins Drive, Elberton, GA 30636

3. Joseph Haynes II, 1015 Coggins Drive, Elberton, GA 30636

IT IS SO ORDERED, this 9th day of January, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA